UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

v.

REPORT AND
RECOMMENDATION

17-MJ-555

JENNIFER VIETOR,

Defendant.

## Factual Background

By criminal complaint dated March 29, 2017, Jennifer Vietor is charged with a violations of 18 U.S.C. §§ 2251(a), 2422(b), 2252A(a)(2)(A) and 2252A(a)(5)(b). See Docket #1. On August 29, 2017, defense counsel filed a motion for a competency examination pursuant to 18 U.S.C. § 4241.

By motion filed on August 29, 2017 (Docket # 25), defense counsel requested that his client be evaluated for competency to stand trial pursuant to 18 U.S.C. § 4241(b). On September 5, 2017, this Court granted the defendant's motion and requested that the examination be done locally. See Docket # 27. On September 13, 2017, the Court entered an Order directing that the competency evaluation be performed by Dr. R.P. Singh, a Board Certified Psychiatrist. See Docket # 29. On October 25, 2017, the Court received the evaluation report of Dr. Singh. See Docket # 32. Dr. Singh found the defendant competent to stand trial.

On November 3, 2017, all counsel and the defendant appeared before the Court. Defense counsel stated that the defense was not

requesting that a competency hearing be conducted, and that based on the report and findings of Dr. Singh, the defense was not disputing Dr. Singh's conclusions as to competency. Similarly, the government informed the Court that it was not disputing the competency finding of Dr. Singh and was not requesting a competency hearing.

## Discussion

Ms. Vietor is competent to stand trial if she has (1) a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and (2) a rational as well as factual understanding of the proceedings against him." United States v. Nichols, 56 F.3d 403, 410 (2d Cir. 1995)(internal quotations and citations omitted). Mental illness is not the legal equivalent of incompetency. Rather, the mental illness must deprive the defendant from being able to either (1) consult with counsel with a reasonable degree of rational understanding, or (2) demonstrate factual and rational understanding of the proceedings against him. Id. at 412. The burden to prove a lack of competence is on the defendant. See Cooper v. Oklahoma, 517 U.S. 348, 362 (1996)(upholding Oklahoma statute that presumed a defendant competent unless he rebutted the presumption and commenting that under § 4241 "Congress has directed that the accused in a federal

prosecution must prove incompetence by a preponderance of the evidence").

Based on the foregoing standards, the uncontested findings of Dr. Singh and this Court's own observations of the defendant during Court proceedings, it is my Report and Recommendation[1] that the defendant Jennifer Vietor be found competent to stand trial.

JONATHAN W. FELDMAN
UNITED STATES MAGISTRATE JUDGE

Dated: November 3, 2017
       Rochester, New York

---

[1] The instant competency determination is being made before indictment and thus prior to the issuance of a referral order pursuant to 28 U.S.C. § 636. Although neither the government counsel nor defense counsel disputed Court's authority to determine competency to stand trial, my own research indicated that the authority of a magistrate judge to issue competency decisions with or without a referral order has not been addressed by the Second Circuit. At least one court has held that implicit in Rules 5 and 5.1 of the Federal Rules of Criminal Procedure is the authority of a magistrate judge to issue pre-indictment decisions on questions of competency of a criminal defendant. "Since a Magistrate Judge is generally the only judicial officer who exercises jurisdiction over a criminal defendant between the time of arrest and the time of indictment, the contention that such a [competency] ruling is beyond the jurisdiction of a Magistrate Judge appears contrary to the intent of the statute." United States v. Hemmings, No. 91-313M DAR, 1991 WL 79586, at *4-6 (D.D.C.); but see United States v. Weissberger, 951 F.2d 392, 398 (D.C. Cir. 1991)(Magistrate Judge without authority to order competency examination without a referral order from a district judge); United States v. Ecker, 923 F.2d 7, 9 (1st Cir. 1991)(commitment order under 18 U.S.C. § 4241 must be reviewed by district judge in order for it to be final order appealable to the court of appeals). In light of the lack of guidance from the Second Circuit and with an abundance of caution, this Court's findings are set forth in a Report and Recommendation and not a Decision and Order.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

    **ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

    **ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).[2]

    The district court will ordinarily refuse to consider on de novo review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988).

    **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

    The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

    Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**SO ORDERED.**

                                  _____
                                  Jonathan W. Feldman
                                  United States Magistrate Judge

Dated:      November 3, 2017
             Rochester, New York

---

[2] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(F) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections have elapsed. United States v. Andress, 943 F.2d 622, 624 (6th Cir. 1991); United States v. Long, 900 F.2d 1270, 1275-76 (8th Cir. 1990).