UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

           Plaintiff,

-vs-                               **REPORT & RECOMMENDATION**

                                             18-cr-6026

JENNIFER VIETOR,

           Defendant.

---

      By Order of Judge Elizabeth A. Wolford dated March 19, 2018, the above case was referred to me, with the consent of the defendant, to take the defendant's plea of guilty and to conduct an allocution pursuant to Rule 11 of the Federal Rules of Criminal Procedure for a Report and Recommendation. The following is my Report and Recommendation as to the defendant's plea of guilty.

      On March 19, 2018, the defendant entered a plea of guilty in this case, as set forth in the transcript of the plea proceeding, which is transmitted with this written Report and Recommendation. In accordance with my oral Report and Recommendation at the close of the plea proceeding, it is my Report and Recommendation that the defendant's plea of guilty accords with the requirements of Rule 11 of the Fed. R. Crim. P. and that your Honor adjudge the defendant guilty of the offense(s) to which the guilty plea was offered.

      **IT IS SO ORDERED.**

                                                    _____
                                                    Jonathan W. Feldman
                                                    United States Magistrate Judge

Dated:      Rochester, New York
              March 19, 2018

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York.[1]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b)(2) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**SO ORDERED.**

                                          /s/ Jonathan W. Feldman
                                            Jonathan W. Feldman
                                    United States Magistrate Judge

Dated:     March 19, 2018
             Rochester, New York

---

[1] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. United States v. Andress, 943 F.2d 622 (6th Cir. 1991), cert. denied, 502 U.S. 1103 (1992); United States v. Long, 900 F.2d 1270 (8th Cir. 1990).