UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

            v.

JENNIFER VIETOR,

            Defendant.

_____

**DECISION AND ORDER**

6:18-CR-06026 EAW

## I.    <u>INTRODUCTION</u>

Pending before the Court is a *pro se* motion filed by defendant Jennifer Vietor (hereinafter "Defendant") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Dkt. 75).  For the reasons set forth below, Defendant's motion is denied.

## II.    <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

On March 29, 2017, Defendant (who is currently 35 years old (Dkt. 57 at 2)) was charged by criminal complaint with violations of 18 U.S.C. §§ 2251(a), 2422(b), 2252A(a)(2)(A), and 2252A(a)(5)(B) (Dkt. 1 at 1).  Although initially released with certain conditions (Dkt. 14), Defendant's bail was revoked after United States Magistrate Judge Jonathan W. Feldman concluded that Defendant violated the terms of that pretrial release (Dkt. 23).  On March 19, 2018, Defendant waived indictment and pleaded guilty pursuant to a plea agreement to distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A).  (Dkt. 43).  The underlying offense related to Defendant's production and distribution of sexually explicit nude photographs involving a minor in her case, including images reflecting sexual conduct between Defendant and this minor, which were

then sold to an individual in the United Kingdom.  (Dkt. 43 at ¶ 8).  The plea agreement contemplated a sentencing range under the Sentencing Guidelines of 210 to 262 months in prison, with a mandatory minimum statutory sentence of five years in prison.  (Dkt. 43 at ¶¶ 1, 15).  On February 26, 2019, the Court granted the Government's motion pursuant to U.S.S.G. § 5K1.1 for a 3-level reduction in the offense level, resulting in a recommended Guidelines-sentence of 151 to 188 months in prison, and the Court sentenced Defendant to 188 months in prison to be followed by 15 years supervised release.  (Dkt. 61; Dkt. 62; Dkt. 63).  Defendant pursued an appeal before the Second Circuit Court of Appeals (Dkt. 68), but that court affirmed the judgment (Dkt. 77)  The mandate was issued by the Second Circuit on May 8, 2020.  (*Id.*).  Defendant is currently serving her sentence at Federal Correctional Institution Danbury ("FCI Danbury"), and her scheduled release date is September 14, 2030.  *See* Find an Inmate, https://www.bop.gov/inmateloc/ (last visited June 1, 2020).

On April 23, 2020, Defendant filed the pending motion for compassionate release. (Dkt. 75).  Defendant contends that her request for release is justified by, among other reasons: the COVID-19 pandemic,[1] the situation at FCI Danbury, and her medical history which includes epilepsy.  (*Id.*).

---

[1]     On March 13, 2020, President Trump declared a National Emergency concerning COVID-19.  Proclamation No. 9994, 85 Fed. Reg. 15337 (Mar. 13, 2020).  According to the World Health Organization's website, as of June 1, 2020, there were 6,057,853 confirmed cases of COVID-19 worldwide, with 371,166 confirmed deaths. *See* Coronavirus (COVID-19), World Health Org., https://covid19.who.int/ (last visited June 1, 2020).

The Government filed is response in opposition on May 11, 2020.  (Dkt. 78).  The Government contends that Defendant has failed to establish extraordinary and compelling reasons for a reduction in her sentence, and it also argues that consideration of the factors set forth at 18 U.S.C. § 3553(a) mandates against Defendant's motion.  (*Id*.).

The United States Probation Office ("USPO") also submitted an email to the Court on May 15, 2020, noting that FCI Danbury had 31 positive inmate cases, 1 inmate death, and 6 positive staff cases as of the writing of that email.  (Dkt. 80).  USPO also noted that Defendant is classified as "Medical Care Level 1," the lowest level of classification.  (*Id*.).

## III.   LEGAL STANDARD AND ANALYSIS

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute."  *United States v. Gotti*, __ F. Supp. 3d __, No. 02 CR 743-07 (CM), 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020).  The compassionate release statute, as amended by the First Step Act, is such a statutory exception, and provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).  Relief is appropriate pursuant to § 3582(c)(1)(A) when the following conditions are met: (1) the exhaustion requirement of the statute is satisfied;

(2) extraordinary and compelling reasons warrant a reduction of the prison sentence; (3) the factors set forth at 18 U.S.C. § 3553(a) support modification of the prison term; and (4) the reduction in the prison sentence is consistent with the Sentencing Commission's policy statements.

The Government does not oppose Defendant's application on exhaustion grounds, as she has filed a request with the Warden at FCI Danbury for release and more than 30 days have elapsed since the Warden's receipt of that request (which was denied). (Dkt. 78 at 2); *see also United States v. Wen*, __ F. Supp. 3d __, No. 6:17-CR-06173 EAW, 2020 WL 1845104, at *4-5 (W.D.N.Y. Apr. 13, 2020) (as a claim-processing rule, § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional and thus subject to the doctrines of waiver and equitable estoppel). Thus, the exhaustion requirements of the statute do not operate to bar the Court's consideration of the motion.

However, the Court agrees with the Government that Defendant has failed to establish extraordinary and compelling reasons justifying the grant of her motion, and furthermore, the § 3553(a) factors counsel against granting Defendant's motion. Defendant has not established that she is at a heightened risk for serious illness from COVID-19. *See People Who Are at Higher Risk for Severe Illness*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited May 31, 2020).

The Court notes that it is not persuaded by the Government's contention that FCI Danbury is successfully stopping the spread of the virus within its walls, as the Government (as it has in other cases) simply regurgitates a canned response concerning the BOP's

- 4 -

efforts with no acknowledgement as to the failings of those efforts in some BOP facilities. (*See* Dkt. 78 at 6-8).  At least one court has raised significant concerns regarding FCI Danbury's handling of the pandemic.  *See Martinez-Brooks v. Easter*, No. 3:20-cv-00569 (MPS), 2020 WL 2405350, at *20-22 (D. Conn. May 12, 2020) (finding likelihood of success on Eighth Amendment claims based on conditions at FCI Danbury, where there was an active and serious outbreak of COVID-19, social distancing was not practical, and warden failed to consider transfers of medically vulnerable inmates in any meaningful way).  On the other hand, at least according to the BOP website, the number of positive COVID-19 cases within the facility appears to be trending downward.  *See COVID-19: Coronavirus, Federal Bureau of Prisons*, https://www.bop.gov/coronavirus/ (last visited June 1, 2020).  And in any event, even with the concerns related to the handling of the pandemic at FCI Danbury, Defendant has failed to establish extraordinary and compelling reasons necessitating a reduction in sentence.

Moreover, given Defendant's underlying offense of conviction, consideration of the factors set forth at 18 U.S.C. § 3553(a) counsel against granting Defendant's requested relief.  *See United States v. Ebbers*, No. (S4) 02-CR-1144-3 (VEC), __ F. Supp. 3d __, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) ("The Court thus finds that, in considering the section 3553(a) factors, it should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence.").

IV.    **<u>CONCLUSION</u>**

For the foregoing reasons, Defendant's motion for compassionate release pursuant

to 18 U.S.C. § 3582(c)(1)(A) (Dkt. 75) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:      June 1, 2020
            Rochester, New York